UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | **CASE NO. 2:25-cr-164 (1–3)** |
| vs. | **JUDGE EMUND A. SARGUS, JR.** |
| **JESSE WASSON, et al.,** | |
| Defendants. | |

## UNOPPOSED MOTION FOR PROTECTIVE ORDER

Now moves the United States of America, by and through undersigned counsel, unopposed, to respectfully request that the Court issue a Protective Order pursuant to Fed. R. Crim. P. 16(d) restricting the disclosure, dissemination, or use of materials provided in this case to the purposes of trial preparation and the prosecution or defense of the case.

A memorandum in support of this motion is attached.

Respectfully submitted,

DOMINIC S. GERACE II
United States Attorney


s/ S. Courter Shimeall
S. COURTER SHIMEALL (0090514)
Assistant United States Attorney

## **MEMORANDUM IN SUPPORT**

Discovery in this case is voluminous. It includes phone images, surveillance material, video recordings, investigative records from related cases, records received in response to various forms of legal process, and a large amount of financial records—including financial records regarding more than 10 bank accounts, and financial records related to complicated cryptocurrency transactions and cryptocurrency holdings. The Government anticipates that the volume of discovery in this case will exceed more than a terabyte of data. Anticipated discovery in this case also contains sensitive information. For example, one major aspect of this case involves wire transfers and bank records. The evidence related to these transfers includes bank account numbers and personally identifying information of the defendants, and other individuals, related to the charged offenses.

Given the volume of data in this case and the nature of some of the evidence, redaction of what might appear to be personally identifying information would be impractical, detrimental to all parties' ability to prepare for trial, and would require an investment of time that would make it unnecessarily burdensome for the United States to provide discovery materials to defense counsel in a timely manner for the defendants to prepare for trial. Conversely, absent a protective order, the failure to redact personally identifying information within the discovery materials could lead to inadvertent disclosure of actual personally identifying information.

Accordingly, the United States moves the Court to issue a protective order pursuant to Fed. R. Crim. P. 16(d) that, in relevant part: (1) prohibits dissemination, disclosure, or use of the discovery materials in this case for any purpose other than preparation for trial, or to otherwise prosecute or defend the case; and (2) prohibits leaving in any defendant's possession any copy of,

or notes from, discovery materials in this case that include any person's bank account information, tax information, or other personally identifying information. This motion is unopposed by all defendants.

    A proposed protective order is attached for the Court's consideration.

Respectfully submitted,

DOMINIC S. GERACE II
United States Attorney


s/ S. Courter Shimeall
S. COURTER SHIMEALL (0090514)
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Government's motion for protective order was served this 16th day of October, electronically on all counsel of record.

                                                s/ S. Courter Shimeall
                                                S. COURTER SHIMEALL (0090514)
                                                Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JESSE WASSON, et al.,<br><br>Defendants. | CASE NO.  2:25-cr-164 (1–3)<br><br>JUDGE EMUND A. SARGUS, JR. |

### ORDER

WHEREAS, the Government will provide materials to the defendants in the course of the discovery process in this case (hereafter "Discovery Materials"), which may include, but is not limited to, copies of recordings made by witnesses, interviews, reports, photographs, writings, or other materials related to the underlying investigation of this case;

AND WHEREAS, the parties agree that the Government has a compelling interest in preventing the Discovery Materials from being disclosed to anyone not a party to the court proceedings in this matter, as such material may include information relevant to personally identifying information of the defendants, and other individuals, related to the charged offenses;

AND WHEREAS, the parties further agree that the Court has the power under Fed. R. Crim. P. 16(d)(1) to grant appropriate relief to the parties where required in the interests of justice;

IT IS ORDERED that:

1. Discovery Materials in this case may not be disseminated, disclosed, or used for any purpose other than preparation for trial, or to otherwise prosecute or defend the case.

2. Discovery Materials shall not be further disseminated by the defendants or their counsel of record to any individuals, organizations, or other entities, other than members of the

defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and administrative staff).

3. Discovery Materials shall not be disseminated by a defendant to any person or entity, except to return Discovery Materials to defense counsel.

4. Discovery Material that includes any other person's bank account information or tax information (the "Sensitive Discovery Materials") shall not be maintained by any defendant, nor be in the sole physical custody of any defendant, nor shall any defendant be permitted to make notes of the content of the Sensitive Discovery Materials and keep such notes with him or her, or disperse such notes or the contents thereof to anyone other than their attorney or members of their attorney's staff. If defense counsel inadvertently discloses Sensitive Discovery Materials to a defendant, upon discovery of the disclosure, defense counsel must (a) take all reasonable steps to ensure that the defendant returns or destroys all Sensitive Discovery Materials in the defendant's possession, and (b) report the details of the disclosure to counsel for the United States. The United States will make reasonable efforts to identify Sensitive Discovery Materials for defense counsel.

5. Defense counsel shall store all Discovery Materials, and any copies thereof, in a secure place at all times.

6. The Discovery Materials in this case are now and will forever remain the property of the United States Government. At the conclusion of this case, all Discovery Materials shall be destroyed or maintained under secure conditions by defense counsel.

7. The defendants are subject to and bound by this Order.

8. Nothing in this Order shall preclude the Government or the defendant from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material.

This Order is entered without prejudice to either party's right to seek a revision of the Order by appropriate motion to the Court.

**IT IS SO ORDERED.**

_____  
**DATE**

                                              _____  
                                              **EDMUND A. SARGUS, JR.**  
                                              **UNITED STATES DISTRICT COURT**